## STANLEY et al. v. McCORMACK et al.

Court of Appeals of Kentucky.

March 9, 1951.

Hines & Hines, Bowling Green, for appellants.

William H. Natcher, Marshall Funk, Bowling Green, for appellees.

CAMMACK, Chief Justice.

L. C. Stanley and Virgil Hampton are appealing from a judgment of the Warren Circuit Court denying a writ of prohibition. The appellants sought to prohibit Roy McCormack, Magistrate of the Second Magisterial District of Warren County, from transferring the examining trial of the appellants to W. P. Anderson, Magistrate of the Elks Spring Magisterial District of Warren County, and to prohibit Judge Anderson from hearing that examining trial. The petition for the writ alleged that the appellants were brought before Judge McCormack, on a warrant issued by him, on the charge of obstructing public justice; and that, upon the appellants' filing an affidavit setting forth the proper facts, Judge McCormack disqualified himself and arbitrarily and in violation of the law transferred the examining trial to the Elks Spring Magisterial District and directed Judge W. P. Anderson to proceed with the trial. The Circuit Court sustained a special demurrer to the petition on the ground that Judges McCormack and Anderson were proceeding within their jurisdiction.

Section 52 of the Criminal Code of Practice provides that, on an examining trial before a magistrate, if a defendant shall make and present his affidavit that he does not believe that he can secure a fair trial before the judge constituting the court, such judge shall retire from the case, but that only one such change can be made.

Section 53 of the Criminal Code of Practice, provides as follows: "When the affidavit provided for in section 52 is filed, and there is but one magistrate; or if there be two and the objection applied to both; if the defendant be in custody, the peace officer having him in custody shall take him before some other magistrate to be examined. If the defendant be on bail, the examination shall be continued, and the peace officer in attendance shall notify another magistrate to attend and preside in the case. If the examination be before two justices of the peace, and the objection apply to but one of them, the other shall associate another justice with himself and proceed as directed in section 71."

The appellants' complaint is directed to the fact that Judge McCormack exceeded his jurisdiction in selecting the magistrate to preside in the case after his own disqualification. Under section 53 of the Criminal Code of Practice, the peace officer having the custody of the appellants, or the peace officer in attendance on the court, if they are on bail, is the only person with the authority to select an alternate magistrate. It follows that Judge McCormack was acting beyond his jurisdiction in attempting to transfer the case to Judge Anderson and that Judge Anderson acquired no jurisdiction over these appellants for the purposes of an examining trial.

The appellees suggest that the case is moot because two grand juries have convened since the time this action was brought. The purpose of the examining trial is to determine whether or not the appellants should be bound over and the case submitted to the grand jury. It is therefore not moot.

The judgment is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.